UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID W. GOODRICH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 9-536-P-S ) |
| MAURICE R. OUELLETTE, et al., | ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

David Goodrich was incarcerated at the York County Jail from August 7, 2009, to January 11, 2010, on OUI-related charges. During this time, Mr. Goodrich claims that he was denied access to a well-stocked prison law library. Goodrich has not been readmitted to the Jail since January 11, 2010, and on January 19, 2010, we received a change of address notice from Goodrich indicating that he had been moved to a correctional facility in Middleton, Massachusetts. (Doc. No. 29). On June 29, 2010, we received another change of address notice from Goodrich, suggesting he had been moved to Lawrence, Massachusetts. (Doc. No. 47). I entered an order granting defendants' motion to compel in light of Goodrich's failure to respond to discovery on July 1, 2010, (Doc. No. 50), and Goodrich apparently received that order because he filed an objection on July 9, 2010. Since that date mail sent to both the Middleton and the Lawrence addresses has been returned marked "inmate not here." (See Doc. Nos. 53, 58, 59 & 61). Prior to July 9 Goodrich actively litigated this case, including participating in a telephonic discovery conference and filing numerous objections to orders I entered relating to discovery. On July 28, 2010, the defendants filed a motion for summary judgment (Doc. No. 54). Their certificate of service indicates that they mailed a copy of the motion to the Lawrence,

Massachusetts address provided by the plaintiff. No response has been filed. I now recommend that the court grant the motion.

## Summary Judgment Standard

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting Federal Rule of Civil Procedure 56(c)). I draw all reasonable inferences in favor of Goodrich, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." Id. (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Goodrich has not presented any evidence in defense of the motion for summary judgment. However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002).

## Undisputed Material Facts

The defendants have offered four undisputed material facts. Goodrich was detained at the Jail from August 8, 2009, to January 12, 2010, on OUI-related charges. (SMF, ¶ 1.) At various times while Goodrich was incarcerated at the Jail, he was represented by an attorney. (Id., ¶ 2.) Goodrich was not prevented from pursuing any claims including *habeas corpus* or

civil rights claims because of lack of access to legal materials at the Jail. (Id., ¶ 3.) Goodrich has not been readmitted to the Jail since January 12, 2010. (Id., ¶ 4.)

**Discussion**

Defendants argue that they are entitled to summary judgment on two separate grounds. First, they assert that Goodrich's claims are moot because he is no longer housed at the York County Jail and appears unlikely to return there in the foreseeable future and second, they claim that they prevail on the merits because Goodrich had legal representation during much of the time in question and in any event, he has not articulated any injury arising from a lack of access to a prison law library. They are correct on both grounds.

Goodrich is no longer at the York County Jail. On this point alone, so much of this action as seeks injunctive relief regarding the availability of library materials and access to the courts is subject to dismissal as moot. See Tyree v. Fitzpatrick, 445 F.2d 627, 628-29 (1st Cir. 1971); Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 249 (4th Cir. 2005); Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); American Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992). Furthermore, as Goodrich acknowledged in his own complaint, his Bible and legal materials were returned to him after he complied with the jail's grievance policy. (Complaint, Doc. No. 1, ¶ 18.) Thus even if Goodrich had remained at the York County Jail, injunctive relief regarding the return of his property was already moot by the time he filed his complaint.

There is no question that Goodrich has a constitutional right to access to the courts. See Bounds v. Smith, 430 U.S. 817 (1977). But the Supreme Court has made it clear that to proceed with such a claim a plaintiff must allege an actual, tangible interference with a court proceeding. See Christopher v. Harbury, 536 U.S. 403 (2002) ( Federal Rule of Civil Procedure 8 dismissal);

Lewis v. Casey, 518 U.S. 343, 351-52 (1996)(three-month bench trial).[1] As the defendants point out, Goodrich has not demonstrated that the interference by any of the defendants with his legal materials has tangibly impacted his ability to seek redress with the courts or to defend himself in a criminal proceeding. Nor has Goodrich shown any tangible injury regarding his limited law library access. Given his participation in this litigation while at the York County Jail, I am confident that Goodrich has not stated a denial of access to the court claim because of the York County Jail's limited library facilities. See Dupont v. Dubois, No. 96-1459, 1996 WL 649340, *1 (1st Cir. Nov. 6, 1996) (unpublished).

**Conclusion**

Based upon the foregoing I recommend that the court grant the defendants' motion for summary judgment and enter judgment on their behalf.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 20, 2010

---

[1] The Lewis majority reflected:

Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.
Id. at 355.